

FILED

FEB 2 4 2011

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| INES HERRERA MARTINEZ, | \* | CIV. 09-4037 |
| | \* | CR. 02-40036-01 |
| Movant, | \* | |
| | \* | |
| vs. | \* | |
| | \* | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | \* | AND ORDER |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ines Herrera Martinez ("Movant") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The government has filed its response to the motion and Movant filed his reply brief.[1] For the following reasons, the government will be required to respond to the merits of some of the claims in the motion, and the other claims will be dismissed.

## BACKGROUND

On October 10, 2002, a jury convicted Movant of possession with intent to distribute a controlled substance, and further found him guilty of illegal reentry after deportation. Initially, Movant was represented by the Federal Public Defender's Office. Movant then retained Michael Hanson and Glenn Osajima, who represented him at trial and sentencing. Movant was sentenced to 120 months of imprisonment and 8 years supervised release. After Movant established his inability to continue paying for a lawyer, Michael Hanson was appointed to represent Movant on appeal. Movant appealed this Court's denial of his suppression motion, arguing that the initial traffic stop and the continued detention by law enforcement officials were both illegal. The Eighth Circuit affirmed the judgment of this Court. *See United States v. Herrera Martinez*, 354 F.3d 932, 934 (8th Cir.2004)

---

[1] Movant also notified the Court he was released from federal custody on December 22, 2010, and was to be deported thereafter. *See* Docs. 19 and 20.

( per curiam ) (affirming district court decision that "a single incident of crossing the fog line was a violation of a South Dakota statute requiring the driver to stay 'as nearly as practicable' within one traffic lane"), *vacated on other grounds*, 549 U.S. 1164 (2007) (vacating Herrera Martinez's sentence on *Booker*[2] grounds). Movant's request for rehearing and rehearing *en banc* was denied by the Eighth Circuit on March 1, 2004.

On May 26, 2005, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. *See* CIV. 05-4074. He alleged that his lawyer on appeal was ineffective for the following reasons: 1) for failing to file a petition for certiorari; 2) for failing to raise a violation of the Vienna Convention,[3] and; 3) for failing to argue that *Booker* should be applied retroactively to give him a lesser sentence. After holding an evidentiary hearing on the lawyer's failure to file a petition for certiorari, this Court granted the § 2255 motion on July 3, 2006, finding that ineffective assistance of counsel resulted in the Movant losing the opportunity to file a petition for a writ of certiorari with the United States Supreme Court.[4] This Court then requested an order from the Eighth Circuit vacating and reentering its Mandate in the Movant's criminal case in order to allow filing of a petition for a writ of certiorari with the United States Supreme Court. The Eighth Circuit recalled its previously issued mandate and appointed Kevin Schad to represent the Movant for the purposes of filing a timely petition for writ of certiorari with the Supreme Court. A petition was filed and the Supreme Court granted certiorari and remanded the case to the Eighth Circuit for further

---

[2]*United States v. Booker*, 543 U.S. 220 (2005).

[3]The Vienna Convention was adopted by the Untied Nations in 1964 and ratified by the United States in 1969. *See Breard v. Greene*, 523 U.S. 371, 376 (1998); *Gomez v. United States*, 100 F.Supp.2d 1038, 1047 (D.S.D. 2000). It requires authorities to inform a foreign national of his rights to notify and communicate with his country's consulate following his arrest. *See id.*

[4]The Eighth Circuit Court of Appeals has since clarified that there is no constitutional right to effective assistance of counsel in seeking certiorari review in the Supreme Court. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008).

2

consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the Eighth Circuit held that *Booker* had no effect on the Movant's sentence because the sentence was governed by a statutory mandatory minimum and not by the sentencing guidelines, the mandatory nature of which was found unconstitutional in *Booker*. On January 18, 2008, the Eighth Circuit issued its mandate again affirming the Judgment in the defendant's criminal case.

The current § 2255 Motion was filed on March 30, 2009, claiming lawyer Kevin Schad provided ineffective assistance of counsel on the second appeal to the Eighth Circuit by: 1) failing to file a petition for certiorari after the Eighth Circuit again affirmed his sentence; 2) failing to raise a violation of the Vienna Convention, and 3) failing to challenge the lawfulness of the stop of his vehicle by law enforcement officers.

The current § 2255 motion also cites various claims of ineffective assistance of trial counsel. Movant claims his lawyer at trial should have challenged his arrest and the arresting officer's testimony. Movant alleges that the interpreter involved in pre-trial proceedings was threatening and tried to pressure Movant into pleading guilty, and that his trial lawyer should have challenged the effectiveness of the interpreter.

In its response to the current § 2255 motion, the government asserts the motion must be dismissed for failure to request permission to file a second or successive application from the Eighth Circuit pursuant to 28 U.S.C. § 2255(h). The government does not address the merits of the claims raised in the motion. For the following reasons, the Court will require the government to respond to the merits of some of the claims.

3

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes limits on the availability of successive collateral review. The statute provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Further, Section 2255(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Leave may be granted only if the proposed habeas petition contains at least one claim that (1) rests on newly discovered evidence that would demonstrate the applicant's innocence by clear and convincing evidence, or (2) rests on a new rule of constitutional law, made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255; *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). Movant has not filed such a motion with the Eighth Circuit Court of Appeals, and his new § 2255 is not based upon either newly discovered evidence or a new rule of constitutional law. The government argues that the instant motion must, therefore, be dismissed.

Although the statute uses the term "second or successive," Congress did not define the term. The Supreme Court, the Eighth Circuit, and other circuits have looked to the "abuse-of-the-writ" doctrine to give meaning to the term. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 642-43 (1998) (AEDPA's "'restrictions on successive petitions constitute a modified res judicata rule, a restraint on what used to be called in habeas corpus practice "abuse of the writ."'") (quoting *Felker v. Turpin*, 518 U.S. 651, 664 (1996)); *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001) (applying abuse of the writ principles to assess whether prisoner's challenge to the execution of his sentence was second or successive); *Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001) (per

4

curiam) (defining second or successive "with reference to the equitable principles underlying the 'abuse of the writ' doctrine"); *United States v. Barrett*, 178 F.3d 34, 44 (1st Cir.1999) ("The core of the AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."). "[T]he abuse-of-the-writ doctrine ... concentrate[s] on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991).

In the present case, Movant argues that his pending § 2255 is not second or successive because his 2005 motion resulted only in restoring his right to file a petition for certiorari. The Eighth Circuit has not addressed this precise issue, but the Fourth Circuit has ruled that when a federal prisoner uses a motion pursuant to § 2255 to regain a right to appeal, "the counter of collateral attacks pursued is reset to zero" such that a later § 2255 motion is not second or successive. *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999)(internal quotation marks omitted). *See also Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998 (per curiam) (§ 2255 motion filed after completion of direct appeal made possible by relief granted in an earlier § 2255 motion was not "second or successive"); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam) (same). *But cf. Jamison v. United States*, 244 F.3d 44, 46 (1st Cir. 2001)( "Where a first motion [to vacate] is used to reinstate a direct appeal, reinstatement is unquestionably a grant of collateral relief on the merits and any later motion attacking the same conviction and sentence is, in ordinary usage, a second or successive motion."). In *Jamison* the movant brought an initial § 2255 motion to vacate claiming ineffective assistance of both his trial counsel and his appellate counsel. The motion was denied by the district court on the merits, but the Court of Appeals granted a certificate of appealability on the appellate counsel claim only, which ultimately resulted in the reinstatement of the movant's direct appeal. After his reinstated appeal challenging drug quantity was denied on the merits, the movant attempted to bring a second § 2255 motion attacking his sentence on a new ground, that one of the

5

prior convictions used in calculating his criminal history had been invalidated after his conviction had become final. The First Circuit rejected the second motion as second or successive, noting that it failed to satisfy either of the two statutory requirements for authorizing a second or successive motion to vacate, and otherwise could not be deemed a "first" motion. *Jamison*, 244 F.3d at 46. The Court concludes that the Eighth Circuit would be more likely to follow the reasoning of the Fourth, Seventh and Tenth Circuits when a first § 2255 motion results in the reinstatement of an appeal and other issues have not been decided on the merits. The Court will apply that reasoning to the unique facts of this case.

First, Movant's claim that his lawyer in the 2008 case before the Eighth Circuit was ineffective for failing to file a petition for certiorari is not a claim he could have raised in 2005 when he filed his first § 2255.[5] In keeping with the holding in *Steele*, in the absence of a constitutional right to the effective assistance of counsel in seeking certiorari review in the Supreme Court, Movant's § 2255 claim for ineffective assistance cannot succeed. *See Steele*, 518 F.3d at 988.

Movant also claims ineffective assistance of his appellate counsel for failing to challenge the lawfulness of his arrest and detention in the second Eighth Circuit appeal in 2008. The government should address that issue in its response because the claim of ineffective assistance of 2008 appellate counsel did not exist and could not have been raised in the first § 2255 filed in 2005.[6]

---

[5]In *Steele v. United States*, 518 F.3d 986 (8th Cir. 2008), the Eighth Circuit held that Steele had no constitutional right to the effective assistance of counsel in seeking certiorari review in the Supreme Court. Even after that ruling, however, the Eighth Circuit in *Steele* went on to address the prejudice prong of the ineffective assistance of counsel claim. That discussion, however, was dicta.

[6]In the first appeal, the Eighth Circuit ruled that the traffic stop and Movant's continued detention were lawful. *See United States v. Herrera Martinez*, 354 F.3d 932, 934 (8th Cir.2004) (per curiam), *vacated on other grounds*, 549 U.S. 1164 (2007) (vacating Herrera Martinez's sentence on *Booker* grounds). The government should address the issue of the effect, if any, of an opinion that has been vacated on other grounds.

6

In both his first and his second § 2255 motions, Movant asserts ineffective assistance of his appellate lawyer for failing to raise a violation of the Vienna Convention. The Court concludes that the issue regarding the alleged Vienna Convention violation is not an abuse of the writ, or a second or successive claim, because Movant raised the issue in his first motion but the merits were never addressed due to Movant's success on his claim regarding the petition for certiorari. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); *Stewart v. Martinez-Villareal*, 523 U.S. at 645 (earlier petition should not count as the first if counting it as such would unfairly deprive the petitioner of an adjudication of his claim, explaining that "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review").

Finally, in his second § 2255 motion, Movant alleges grounds for ineffective assistance of his lawyer during the trial, claims that were not made in his first motion. Movant could have brought these claims in his first § 2255 motion in 2005, when he had already been through the trial and the claims were ripe. Movant does not explain why he delayed raising these ineffective assistance of trial counsel claims until his second motion, almost seven years after the trial. Reviewing these claims now, on the merits, would frustrate both AEDPA's concern with delay and with the finality of Movant's 2002 conviction. *See, e.g., Crouch v. Norris*, 251 F.3d at 724 (AEDPA's habeas restrictions reflect Congress' concern with delay and finality). Because Movant could have brought the ineffective assistance of trial counsel claims earlier in his first § 2255 and did not, the Court concludes that those claims amount to a "second or successive" petition under the AEDPA. The Court will dismiss Movant's claims of ineffective assistance of trial counsel. Should Movant seek to proceed to challenge his 2002 conviction and sentence on those grounds, he must seek authorization

7

from the Eighth Circuit and must obtain such authorization before the claims may be presented to this Court. Accordingly,

IT IS ORDERED:

1.   That the claims asserting ineffective assistance of trial counsel in the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, are dismissed.

2.   That the claim asserting ineffective assistance of appellate counsel for failing to file a petition for certiorari, after the Eighth Circuit's 2008 decision in this case, is denied based on the ruling in *Steele v. United States*, 518 F.3d 986 (8th Cir. 2008).

3.   That, within thirty (30) days from the date of this Order, the government shall respond to the merits of the remaining claims in the § 2255 Motion.

4.   That Movant's Motion for Finding of Waiver by the Government of Its Right to Contest Petitioner's 2255, Doc. 12, is denied as moot.

Dated this 24rh day of February, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By_____
Deputy

8