

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INES HERRERA MARTINEZ, | CIV. 09-4037 |
| | CR. 02-40036-01 |
| Movant, | |
| vs. | |
| | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | AND ORDER |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ines Herrera Martinez ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The government filed a response to the motion but did not address the merits of the claims. Movant filed a reply brief. In a Memorandum Opinion and Order issued on February 24, 2011, the Court denied some of the claims and directed the government to respond to the merits of the remaining claims. For the following reasons, the remaining § 2255 claims will be denied.

## BACKGROUND

On October 10, 2002, a jury convicted Movant of possession with intent to distribute a controlled substance, and further found him guilty of illegal reentry after deportation. Initially, Movant was represented by the Federal Public Defender's Office. Movant then retained Michael Hanson and Glenn Osajima, who represented him before, during and after trial, including at his sentencing. Movant was sentenced to 120 months of imprisonment and 8 years supervised release. After Movant established his inability to continue paying for a lawyer, Michael Hanson was appointed to represent Movant on appeal. In his direct appeal to the Eighth Circuit, Movant challenged this Court's denial of his suppression motion, arguing that the initial traffic stop and the continued detention by law enforcement officials were both illegal. The Eighth Circuit affirmed the Judgment and this Court's ruling on Movant's suppression motions. *See United States v. Herrera Martinez*, 354 F.3d 932, 934 (8th Cir.2004) (per curiam), *vacated on other grounds*, 549 U.S. 1164 (2007)

(vacating Herrera Martinez's sentence on *Booker*[1] grounds). Movant's requests for rehearing and rehearing *en banc* were denied by the Eighth Circuit on March 1, 2004.

On May 26, 2005, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. *See* CIV 05-4074. He alleged that his lawyer on appeal was ineffective for the following reasons: 1) for failing to file a petition for certiorari; 2) for failing to raise a violation of the Vienna Convention,[2] and; 3) for failing to argue that *Booker* should be applied retroactively to give him a lesser sentence. After holding an evidentiary hearing on the lawyer's failure to file a petition for certiorari, this Court granted the § 2255 motion on July 3, 2006, finding that ineffective assistance of counsel resulted in the Movant losing the opportunity to file a petition for a writ of certiorari with the United States Supreme Court.[3] This Court then requested an order from the Eighth Circuit vacating its Mandate in the Movant's criminal case in order to allow filing of a petition for a writ of certiorari with the United States Supreme Court. The Eighth Circuit recalled its Mandate and appointed Kevin Schad to represent the Movant and file a petition for writ of certiorari with the Supreme Court. A petition was filed and the Supreme Court granted certiorari. On January 16, 2007, the Supreme Court remanded the case to the Eighth Circuit "for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005)." (Doc. 176.) On remand, the Eighth Circuit held that *Booker* had no effect on the Movant's sentence because the sentence was governed by a statutory mandatory minimum and not by the sentencing guidelines, the mandatory nature of which

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

[2] The Vienna Convention was adopted by the United Nations in 1964 and ratified by the United States in 1969. *See Breard v. Greene*, 523 U.S. 371, 376 (1998); *Gomez v. United States*, 100 F.Supp.2d 1038, 1047 (D.S.D. 2000). It requires authorities to inform a foreign national of his rights to notify and communicate with his country's consulate following his arrest. *See id.*

[3] The Eighth Circuit has since clarified that there is no constitutional right to effective assistance of counsel in seeking certiorari review in the Supreme Court. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Thus, a § 2255 claim for ineffective assistance for failing to file a certiorari petition cannot succeed. *See id.*

was found unconstitutional in *Booker*. On January 18, 2008, the Eighth Circuit issued its Mandate again affirming this Court's Judgment in Movant's criminal case.

The current § 2255 Motion was filed on March 30, 2009, claiming lawyer Kevin Schad provided ineffective assistance of counsel in the 2007 remand to the Eighth Circuit by: 1) failing to file a petition for certiorari after the Eighth Circuit again affirmed his sentence; 2) failing to raise a violation of the Vienna Convention, and 3) failing to challenge the lawfulness of his detention and arrest. The § 2255 motion also raised various claims of ineffective assistance of trial counsel. Movant claimed his lawyer at trial should have challenged his arrest and the arresting officer's testimony. Movant alleged that the interpreter involved in pre-trial proceedings was threatening and tried to pressure Movant into pleading guilty, and that his trial lawyer should have challenged the effectiveness of the interpreter.

In its first response to the pending § 2255 motion, the government did not address the merits of the claims but rather argued that the motion should be dismissed for failure to request permission to file a second or successive motion from the Eighth Circuit pursuant to 28 U.S.C. § 2255(h). The Court agreed with the government that the ineffective assistance of trial counsel claims that Movant could have raised in his first § 2255 motion in 2005, when he had already been through the trial, amounted to a second or successive motion. The Court held that, because Movant did not raise the claims in his first § 2255, reviewing those claims on the merits now would frustrate the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") concern with delay and with the finality of Movant's 2002 conviction. *See, e.g., Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001) (AEDPA's habeas restrictions reflect Congress' concern with delay and finality). Movant's claims of ineffective assistance of trial counsel were dismissed, and Movant was advised that should he seek to proceed to challenge his 2002 conviction and sentence on those grounds, he must seek authorization from the Eighth Circuit and must obtain such authorization before the claims may be

presented to this Court. The claim asserting ineffective assistance of appellate counsel for failing to file a petition for certiorari after the Eighth Circuit's 2008 decision on remand was denied based on the ruling in *Steele*, 518 F.3d at 988 (there is no constitutional right to effective assistance of counsel in seeking certiorari review in the Supreme Court).

The government was directed to respond to the merits of Movant's claims of ineffective assistance of his appellate counsel for (1) failing to challenge the lawfulness of his arrest and detention, and (2) failing to allege a violation of the Vienna Convention.[4]

The government first argues that relief is not available under § 2255 for the remaining claims because Movant is no longer in custody.[5] The government quotes the language of 28 U.S.C. § 2255 which states that "[a] prisoner in custody under sentence of a court. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Supreme Court has held, however, that where a petitioner makes a claim for relief under 28 U.S.C. § 2255 before being released from confinement, the claim does not automatically become moot upon his release. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (case not moot even though movant was released from prison because the federal conviction could have collateral consequences in the future and movant was still in custody when he filed the § 2255). The Supreme Court stated that "[a]n incarcerated convict's ... challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration ... constitutes a concrete injury, caused by the conviction and redressable by invalidation

---

[4]In his initial § 2255 motion, Movant alleged that appellate counsel in his direct appeal was ineffective for failing to raise a violation of the Vienna Convention, but the merits of that claim were not addressed due to Movant's success on his claim allowing him to file a petition for a writ of certiorari. That claim will be addressed in this Memorandum Opinion.

[5]Movant was released from custody on December 23, 2010, and he was deported to Mexico the same day.

of the conviction." *Spencer*, 523 U.S. at 7. The Court went on to say that after the convict's sentence expires, "some concrete and continuing injury other than the now-ended incarceration [ ]—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* Because Movant attacks the validity of his conviction, as opposed to his sentence, the existence of collateral consequences is presumed. *See id.* Movant's criminal convictions for intent to distribute a controlled substance and illegal reentry after deportation undoubtedly entail adverse collateral legal consequences, and the merits of his § 2255 motion will be addressed. *See id.* at 12. ("In the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality.").

The government also asserts that the Eighth Circuit did not have the ability to consider the Fourth Amendment and Vienna Convention issues under the limited Supreme Court mandate "for further consideration in light of *United States v. Booker*. . . ." The Court will assume without deciding that Movant's counsel could have raised these issues in the 2007 remand to the Eighth Circuit.

## DISCUSSION

To establish a claim of ineffective assistance of appellate counsel, Movant must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that prejudice resulted from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The deficient performance standard is high. Because of the "distorting effects of hindsight," a court's highly deferential scrutiny of counsel's performance "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v.*

*Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted). The prejudice standard is equally rigorous. Movant must show that "the result of the proceeding would have been different" had he raised a violation of the Vienna Convention and had the lawfulness of his arrest and detention been challenged again following remand to the Eighth Circuit in 2007. *See, e.g., Becht v. United States*, 403 F.3d 541, 546, 549 (8th Cir.2005). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir.2005) (quoting *Strickland*, 466 U.S. at 693). There must be a substantial likelihood of a different result. *Harrington v. Richter*, - - - U.S. - - -, 131 S.Ct. 770, 792 (2011).

### A. Arrest and Detention

Movant's first claim of ineffective assistance of appellate counsel is based on counsel's failure on remand to raise a claim that Movant's arrest and detention violated his Fourth Amendment rights. This issue, however, was raised and rejected in Movant's direct appeal. *See Herrera Martinez*, 354 F.3d at 934. Movant does not explain how he could have succeeded on the merits of this claim on remand. As a result, he cannot overcome the presumption that appellate counsel acted properly in focusing on the *Booker* issue which was the reason for the Supreme Court's remand of the case to the Eighth Circuit. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)). Furthermore, Movant is unable to establish prejudice. The Eighth Circuit had already rejected the Fourth Amendment challenge on direct appeal and it is unlikely the Court would have overturned his conviction based on the same argument had it been raised again on remand. *See Ramsey v. Bowersox*, 149 F.3d 749, 760 (8th Cir. 1998) ("One panel of this court is bound by the decisions of other panels. . . .") (citing *United States v. Rodamaker*, 56 F.3d 898, 903 (8th Cir. 1995)).

## B. Violation of the Vienna Convention

Movant's second claim is that appellate counsel in both the direct appeal and appellate counsel on remand were ineffective for failing to raise a violation of the Vienna Convention. Movant asserts that "the fruits of his seizure should have been suppressed" as a result of the Vienna Convention violation. (Doc. 2 at p. 20.).

The Eighth Circuit has described Article 36 of the Vienna Convention on Consular Relations as requiring authorities "to inform detained or arrested foreign nationals that they may have their consulates notified of their status." *United States v. Santos*, 235 F.3d 1105, 1107 (8th Cir. 2000).

> [I]f [the detainee] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph ...

*Id.* (quoting Vienna Convention on Consular Relations, Art. 36(b), April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261). It is not clear exactly how or when Movant contends the alleged Vienna Convention violation occurred.[6] The record demonstrates that Movant was informed of his right to contact the Mexican consulate at his initial appearance before Magistrate Judge Simko on April 10, 2002, two days after his arrest on April 8. The Clerk's minutes from the hearing reflect that an interpreter was present, Movant was made aware of the right to have the Mexican consulate notified of his status, and he chose to defer a decision on it. (CR 02-40036, Doc. 2.) The transcript of the initial appearance on April 10, 2002, indicates that Movant said he could "perfectly" understand the interpreter. (CR 02-40036, Doc. 30 at p. 8.) The prosecutor represented to Magistrate Simko that prior to the hearing he provided consular notice forms to both defendants and that the interpreter read

---

[6] If Movant is asserting that he never was informed of his right to consular notification, the record reveals otherwise.

7

them to the defendants. (*Id.* at p.29-30.) Movant's lawyer responded that he had discussed it with Movant, that Movant was aware of his right to notify the consulate, and that he was "going to hold off on that for a while." (*Id.* at p. 30.) Magistrate Simko followed up by advising Movant in open court that he was entitled to have the consulate for his government notified if he so desired and urged him to tell his lawyer whether or not he wanted the consulate notified. (*Id.*)

Based on the record, the Court believes Movant is claiming the arresting officer should have notified Movant of his right to have Mexican consulate notified of his arrest, but failed to do so. Movant does not explain, however, how the Mexican consulate could have, or whether the consulate would have, assisted him had they immediately been notified of his detention or arrest.[7] As a result, he cannot overcome the presumption that appellate counsel acted properly by not raising the issue. Movant's lawyers, therefore, were not ineffective for failing to raise a violation of the Vienna Convention before the Eighth Circuit in the 2005 direct appeal or in the 2007 remand.

Movant also fails to meet the prejudice prong of the *Strickland* test. If Article 36 was violated (and if appellate counsel should have raised the issue before the Eighth Circuit), that would not warrant exclusion of Movant's statements or the cocaine found in the vehicle. At the time of Movant's direct appeal in 2003, the Eighth Circuit had, on at least two occasions, considered the issue whether the Vienna Convention creates judicially enforceable individual rights. In both cases, which were direct appeals, the Eighth Circuit assumed without deciding the existence of an individual right, but denied the defendants' requests for suppression of evidence. *See Ortiz*, 315 F.3d at 886-887 (assuming without deciding that the Vienna Convention creates judicially enforceable rights, but

---

[7]In *United States v. Ortiz*, 315 F.3d 873, 887 (8th Cir. 2002), the Eighth Circuit observed that the Vienna Convention does not require an interrogation to cease until consular contact is made. As the Supreme Court has observed, the Convention merely provides for consular notification of a foreign national's arrest; it does not guarantee intervention by the consulate. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 349 (2006).

holding that suppression is not an appropriate remedy for violation of those rights); *Santos*, 235 F.3d at 1107 (even if government's violation of Vienna Convention rendered confession involuntary, conviction would not be overturned; admission of confession was harmless error in light of overwhelming evidence against defendant). Before Movant's case was remanded to the Eighth Circuit in 2007, the Supreme Court also assumed without deciding that the Vienna Convention creates enforceable individual rights, and held that suppression of incriminating evidence via the exclusionary rule is not an appropriate remedy for its violation. *Sanchez-Llamas v. Oregon*, 548 U.S. 331 (2006).[8]

The *Sanchez-Llamas* Court stated that, "[E]ven assuming the [Vienna] Convention creates judicially enforceable rights, [the] suppression [of evidence] is not an appropriate remedy for a violation of Article 36 . . . ." *Id.* at 337. The Court noted that "[t]he exclusionary rule as we know it is an entirely American legal creation" and is not accepted elsewhere, so "[i]t is implausible that other signatories to the Convention thought it to require a remedy that nearly all refuse to recognize as a matter of domestic law." *Id.* at 343-44. "Under our domestic law, the exclusionary rule is not a remedy we apply lightly," *id.* at 347, and it does not apply to violations of the Vienna Convention, because, among other things, "[t]he violation of the right to consular notification ... is at best remotely connected to the gathering of evidence," *id.* at 349; "Article 36 does not guarantee defendants any assistance at all [from their consulates]," *id.*; "[t]he failure to inform a defendant of his Article 36 rights is unlikely, with any frequency, to produce unreliable confessions," *id.*; and "unlike the search-and-seizure context—where the need to obtain valuable evidence may tempt authorities to transgress Fourth Amendment limitations—police win little, if any, practical advantage from violating

---

[8]The Supreme Court has never decided whether the Vienna Convention creates enforceable individual rights. The Eighth Circuit has noted that "the federal courts are not in agreement as to whether Article 36 of the Convention creates a right enforceable by an individual who has been arrested." *Ortiz*, 315 F.3d 873, 886 (citing *Santos*, 235 F.3d at 1107-08)).

Article 36," *id.* Consequently, "[s]uppression would be a vastly disproportionate remedy for an Article 36 violation." *Id.*

*Sanchez-Llamas* forecloses any argument that Movant suffered prejudice by appellate counsels' failure to raise a Vienna Convention violation. The law is clear: suppression is not a remedy for a violation of Article 36 of the Vienna Convention. Movant makes no other showing of possible prejudice resulting from his lawyers' failure to assert a Vienna Convention violation, therefore Movant has failed to show prejudice under *Strickland*. *See, e.g., Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009) (affirming denial of evidentiary hearing and § 2255 relief where petitioner failed to show whether and how Mexican consulate would have assisted in his defense).

### Evidentiary Hearing

The "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." For this reason, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b).

### Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made a substantial showing of a denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied it its entirety; and

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 19th day of March, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By Summa Wahl
Deputy

11